**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:10-CV-48**

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA<br>d/b/a PHARMERICA,<br>a California corporation, | )<br>)<br>) |
|                        Plaintiff, | )<br>) |
|       v. | )<br>) |
| BHI, L.L.C., a Florida limited liability company;<br>LHI, L.L.C., a Florida limited liability company;<br>CCHI, LLC, a Florida limited liability company;<br>PHI, L.L.C., a Florida limited liability company<br>MADISON HEALTH INVESTORS, L.C.,<br>a Florida limited liability company;<br>LHI HEALTHCARE, LLC,<br>a Florida limited liability company;<br>PHI HEALTHCARE, LLC,<br>a Florida limited liability company;<br>MHI HEALTHCARE, LLC,<br>a Florida limited liability company;<br>CROSS CITY HOLDINGS, LLC,<br>a Florida limited liability company;<br>AGEMARK, LLC,<br>a North Carolina limited liability company;<br>THIRD STREET MANAGEMENT, LLC,<br>a North Carolina limited liability company;<br>DAVID S. JONES, individually; and<br>CHARLES TREFZGER, individually, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|                     Defendants. | )<br>) |

## CONSENT ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Pharmacy Corporation of America d/b/a PharMerica, Inc., and defendants, BHI,

L.L.C., LHI, L.L.C., CCHI, LLC, PHI, L.L.C., Madison Health Investors, L.C., LHI Healthcare,

LLC, PHI Healthcare, LLC, MHI Healthcare, LLC, Cross City Holdings, LLC, AgeMark, LLC,

Third Street Management, LLC, David S. Jones, individually and Charles Trefzger, individually,

1

have jointly filed their Motion To Dismiss Without Prejudice And To Retain Jurisdiction For Enforcement Of Settlement (the "Motion"). The Parties have settled the disputes in this action pursuant to the terms of a Settlement and Forbearance Agreement dated as of July 29, 2010, and other documents referred to therein (collectively, the "Settlement Contract").

By their counsel's respective signatures below and on the Motion, the Parties have stipulated to the dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(1)(a)(ii), and the parties have further requested that this Court retain jurisdiction for purposes of enforcing the Settlement Contract should such enforcement become necessary in the future. In Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82 (1994), the U.S. Supreme Court made clear that the Court has the authority to retain jurisdiction for purposes of enforcing settlement contracts in the context of stipulated dismissals under Rule 41(1)(a)(ii).

The Court, having reviewed the Motion and the file herein, is of the opinion that the Motion should be granted. It is therefore **ORDERED** that the Motion is **GRANTED**, and this action is hereby dismissed without prejudice to re-filing same, each party bearing its own costs;

It is further **ORDERED** that this Court shall retain jurisdiction for purposes of enforcing the Settlement Contract in the event such enforcement becomes necessary, including, but not limited to, the entry of any agreed or amended judgment pursuant to the terms of the Settlement Contract;

It is further **ORDERED** that the clerk shall remove this action from the docket without prejudice to any Party later filing a motion to reopen for purposes of enforcing the Settlement Contract.

**SO ORDERED.**

Signed: August 30, 2010

Richard L. Voorhees
United States District Judge